IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        3:03cr59/LAC
                                           3:07cv175/LAC/MD

MARK RICHARD TYNES

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 133). The government has filed a response (doc. 135) and the defendant has filed a reply (doc. 137). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I. BACKGROUND

Defendant was charged in a two count superseding indictment with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, and possession with intent to distribute less than 50 kilograms of marijuana on a date certain. (Doc. 17). The government filed an Enhancement Information putting the defendant and the court on notice that due to the defendant's two prior drug felony convictions, the government intended to invoke the enhanced penalty provisions under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii) and (b)(1)(D), and 846. (Doc. 16). Defendant was represented by appointed

counsel Kenneth Riddlehoover.  Counsel filed a motion for a psychiatric or psychological exam which was granted, and the defendant was found competent to stand trial after a hearing.  (Doc. 25, 26, 27, 28, 29, 30).  Following a jury trial, defendant was convicted in this court of conspiracy to possess with intent to distribute less than 1,000 kilograms but more than 100 kilograms of marijuana, and possession with intent to distribute less than fifty kilograms of marijuana.  (Doc.  38).

In the PSR, defendant was held accountable for 1,360 kilograms of marijuana, which corresponded to a base offense level of 32.  (PSR ¶ 34).  He received a four level adjustment for his role as the leader or organizer of the conspiracy and two additional levels for obstruction of justice, yielding a total offense level of 38.  (PSR ¶¶ 37, 38 & 41). Defendant had a criminal history category of V.  (PSR ¶ 59).   The court overruled defendant's objection that the drug quantity attributed to him should be limited to the amount found by the jury's special verdict, overruled his objection to the role and obstruction of justice adjustments, and sustained his objection to his criminal history category.  (Doc. 66 at 21-24, 29-30, 34-35, 40-41).  He was sentenced to a term of 324 months imprisonment on count one and a concurrent term of 120 months, which was the statutory maximum, on count two.  (Doc. 45).

The Eleventh Circuit affirmed defendant's sentence (doc. 135, exh. A), and on a petition for rehearing vacated and remanded for resentencing in light of the Supreme Court's decision in ***Booker.***[1]  (Doc. 96).  Counsel again objected to the quantity of drugs attributed to the defendant, arguing that the jury found in it special verdict form that the conspiracy involved less than 1,000 kilograms of marijuana but not did hold the defendant himself personally accountable for that amount.  (Doc. 117 at 3-11).  The court overruled that objection, as well as counsel's objection to defendant's criminal history category.  The defendant addressed the court on this same issue, and the court, citing the appellate court's findings and the accuracy of the PSR, and considering the advisory nature of the guidelines, reimposed the same sentence.  (Doc. 107, 117 at 17).   Defendant appealed

---

[1] ***United States v. Booker,*** 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

again, arguing that even under the advisory guidelines system, his sentence (1) violated the statutory maximum as defined by *Apprendi*, (2) violated *Booker* because the district court determined drug quantity based on facts neither admitted by him nor proven beyond a reasonable doubt, and (3) was unreasonable.  (Doc. 131 at 3).  The court rejected his arguments and his sentence was again affirmed by the Eleventh Circuit Court of Appeals on January 27, 2006.  (Doc. 131). The Supreme Court denied certiorari in April of 2006. (Doc. 132).

In the present motion, defendant raises six grounds for relief.  The government opposes the motion in its entirety.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice.").  The "fundamental miscarriage of justice" exception recognized in *Murray v.*

*Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *Hidalgo v. United States*, 138 Fed.Appx. 290 (11th Cir. 2005).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations

omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,*  494 F.3d 997, 1002  (11th Cir. 2007).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did

take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing

*Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). With these legal principles in mind, defendant's individual claims will now be considered.

1. <u>Counsel's failure to correct "Jury Instructions"</u>

Defendant's claims 1, 2, 5 and 6 all relate to the quantity of drugs attributed to him. In claim one, defendant asserts that counsel should have objected to the jury instructions, actually the special verdict form, where the jury was asked to determine the amount of marijuana involved in the conspiracy, rather than the quantity attributable personally to him. He claims that the court's adoption of the jury's drug quantity determination affected both the threshold statutory range under § 841(b) and the district court's application of the guidelines.

The jury found defendant guilty of conspiracy to possess with intent to distribute 100 kilograms or more but less than 1,000 kilograms of marijuana. The statutory maximum penalty for that offense, in light of defendant's prior felony drug offense, is life imprisonment.

The appellate court repeatedly made clear that there was sufficient evidence to support the drug weight found attributable to the defendant by the district court. (Doc. 135,

att. A at 14-15; att. B at 8, att. C at 4 n.2).  And, in light of the fact that acquitted conduct was properly considered by the district court in making its guidelines determination (see claim 6, below), defendant has not shown any constitutional error in the form of the special verdict form.

    2.  <u>Counsel's failure to move for a judgment of acquittal</u>

       In claim two, defendant asserts that counsel was ineffective for his failure to file a motion for judgment of acquittal because the jury found that the conspiracy involved a lesser quantity of drugs than that charged in the indictment.  The defendant argues that because of this, the government failed to meet its burden of proving every element of the offense beyond a reasonable doubt.  Defendant's argument must fail, as it is well established that drug quantity is not an element of the offense of conspiracy.  *United States v. Baker,* 432 F.3d 1189, 1233-1234 (11th Cir. 2005); *United States v. Clay,* 376 F.3d 1296, 1301 (11th Cir. 2004); *United States v. Mathews*, 168 F.3d 1234, 1245 (11th Cir. 1999).  To sustain a conviction for conspiring to distribute narcotics the government must prove that 1) an agreement existed between two or more persons to distribute the drugs; 2) that the defendant at issue knew of the conspiratorial goal; and 3) that he knowingly joined or participated in the illegal venture. *Matthews*, 168 F.3d at 1245 (citing *United States v. Guerrero*, 935 F.2d 189, 191 (11th Cir. 1991)).

       To the extent that defendant's argument addresses drug quantity, it also fails.  Drug quantity need not be alleged in the indictment, submitted to the jury and proven beyond a reasonable doubt so long as the statutory maximum punishment is not exceeded.  *Clay,* 376 F.3d at 1301; (citing *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001)).  The statutory maximum penalty for a defendant convicted of marijuana distribution with a prior felony drug conviction is 10 years.  21 U.S.C. § 841(b)(1)(D).  No drug quantity finding would be necessary to support such a sentence.  In this case there was a drug quantity finding.  Based on that finding, defendant's sentence could not exceed life imprisonment, 21 U.S.C. § 841(b)(1)(B), which it did not.  Thus, defendant's sentence was within

appropriate limits.  See *United States v. Sweeting*, 232 Fed. Appx. 873, 877 (11th Cir. 2007) (citing *Clay, supra*).

Counsel is not ineffective for failing to argue a meritless claim.  *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).  Defendant's claim that he was entitled to a judgment of acquittal is meritless, and hence counsel was not constitutionally ineffective for failing to make this argument.

3.  Counsel's failure to file a motion to suppress

Defendant asserts that counsel was constitutionally ineffective because he failed to file a motion to suppress items seized during what he contends was an unlawful search of his residence that took place in 2001.  Defendant states that while he was involved in a verbal dispute with his then-girlfriend Allison VanGrowski, he was pursued into his house by an unknown man in a t-shirt and boxers holding a can of mace and a firearm.  The man, later identified as Florida State Trooper Powers, aimed his weapon at the defendant unitl Deputy Tara Milstead arrived and handcuffed him.  Three or four other officers came into the house and entered his back bedroom, at which point defendant asserts that he told the officers to leave because they were searching without his consent.  He further states that unspecified statements made by his girlfriend to Santa Rosa County Sheriff's Deputies were made under duress.  He claims that "had counsel filed for the suppression hearing

due to the tainted warrant and coerced statements, along with the illegal search made, all evidence would have been suppressed."

In response, the government takes the position that the defendant cites insufficient facts or case law from which the validity of his claim or the chances of success on a motion to suppress can be evaluated.  It further posits that in light of counsel's affidavit in which he explains the defendant's total, and in his opinion delusional, denial of any involvement in the conspiracy (doc. 135, att. D at 1), and counsel's resulting in ability to determine the relevance of any of the items seized (*id.* at 4), it is not difficult to see why counsel did not file a motion to suppress.  Counsel notes in his affidavit that the papers seized at the defendant's residence appeared to consist primarily to telephone bills, receipts and other documentation that appeared to have no significance in light of his client's total denial of any involvement in the conspiracy.  (*Id*).

When counsel's alleged ineffectiveness involves a failure to litigate a Fourth Amendment claim, in order to demonstrate actual prejudice entitling him to relief under *Strickland*, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.  *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 2582-83, 91 L.Ed.2d 305 (1986).  Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of the proceedings would have been different had the motion to suppress been filed and the evidence been excluded.  *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000); *Huynh v. King*, 95 F.3d 1052, 1058-59 (11th Cir. 1996); *Thomas v. Newsome*, 821 F.2d 1550, 1552 (11th Cir. 1987); see also *Ward v. Dretke,* 420 F.3d 479, 488 (5th Cir. 2005).  In this case, the defendant has failed to establish prejudice as he has not shown what evidence should have been suppressed and how the suppression of that evidence would have made a difference in the outcome of this case.  There was abundant evidence against him, including tape recording conversations regarding drug delivery and the testimony of at least co-conspirators who identified the defendant as directing the conspiracy.   The court

cannot conclude that the suppression of the documentary evidence identified by counsel would have altered the outcome of the trial, and defendant is not entitled to relief.

4. <u>Due process violation by Eleventh Circuit Court of Appeals Clerk</u>

Defendant claims that his rights were violated by the clerk of the court for the Eleventh Circuit Court of Appeals because counsel did not receive notice of the result of the appeal until after the mandate was issued.  He states that had the appellate court's decision been sent in a timely manner, he would have timely filed for an en banc rehearing based on the appellate court's misinterpretation of his arguments on appeal.

Although counsel concurs that he did not receive notice of the issuance of the appellate decision until after the entry of the mandate and he was without a remedy, defendant has not shown a violation of due process.  He has failed to establish that he could have prevailed had counsel's petition for a rehearing en banc been timely filed.  He does not explain the basis for his assertion of reversible error by the appellate court or establish that his request for such an en banc hearing would have been granted or that he would have succeeded in having his conviction or sentence overturned after such a hearing.[2]  His request for relief on this basis must therefore be denied.

5. <u>Counsel's failure to make guidelines arguments</u>

In this claim, defendant essentially contends that counsel was ineffective because he failed to effectively challenge the district court's drug quantity determination by making additional factual arguments about the contents of the PSR.  The issue of drug quantity was resolved adversely to the defendant on appeal and defendant's fact-specific arguments with respect to this issue need not be reconsidered here.  *Nyhuis*, supra.

---

[2]The government notes that the unlikelihood of success *en banc* is bolstered by the fact that defendant's petition for *certiorari* filed in the Supreme Court was denied.  (Doc. 135 at 12).

6.  District court's consideration of acquitted conduct

Defendant claims that the district court erred in its consideration of conduct of which he was acquitted in determining his guidelines range.  The defendant's position is legally incorrect, and procedurally barred.  The Eleventh Circuit specifically stated that a district court may even continue to consider relevant acquitted conduct when applying the guidelines in an advisory manner.  Citing *United States v. Duncan*, 400 F.3d 1297, 1304-05 (11th Cir. 2005) (doc. 131 at 5).  This is because the jury's quantity determination for purposes of determining the statutory maximum is that which has been proven beyond a reasonable doubt, while the district court, in determining a guideline sentence, may consider quantities proven by a preponderance of the evidence.  (Doc. 135, att. 1 at 12, n. 3, citing *United States v. Picanso*, 333 F.3d 21, 25-26 (1st Cir. 2003)).


Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 133)  be DENIED.


At Pensacola, Florida, this 14th day of March, 2008.



s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).